*983 OPINION.
Lansdon:
In the light of all the evidence, and, giving due consideration to depreciation and depletion accrued prior thereto, we are of the opinion that the value of the property of the Kington Coal *984 Co. at March 1, 1913, was $190,000, and that the fair market price or valúe of the shares in question at that date was $1,900 each.
At the date of the liquidation here involved there was an outstanding assessment of Federal income and profits taxes for the year 1918 against the Kington» Coal Co. in the amount of $10,874.41. It is agreed that no part of this assessment was paid in 1920. The petitioners aver that their respective liquidating dividends, received in 1920, should have been credited with prorated amounts of such assessment. The respondent has allowed such credits as deductions from income resulting from receipt of liquidating dividends received in 1921 and 1922. Petitioners introduced no evidence on this point and the determination of the respondent therefore is not disturbed.
Certain penalties for delinquency were imposed by the respondent. The petitioners introduced no evidence to show that such penalties were improperly added to the deficiencies in taxes. The imposition of a penalty of 25 per cent of the recomputed deficiencies of the petitioners who failed to make income-tax returns for the taxable years is approved.
In his brief, counsel for the petitioners argues that inasmuch as the Commissioner of Internal Revenue had determined the value of certain assets owned by the Kington Goal Co. at March 1, 1913, and, as such determination had become an element in the computation of tax liability for 1917, a successor of that Commissioner was without authority to determine any different value. The pleadings are silent on this point, and therefore, it is not in issue here.
Judgment will be entered on 10 days’ notice, under Rule 50.
Considered by GiíeeN and Aruxtdell.